■ In the Matter of the Claim of MARIA ANDERSON, Respondent, against METRO DECORATING Co., INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— An employer and its carrier appeal from an award and decision of the Workmen's Compensation Board which directed payment of $500 to the chairman of the Workmen's Compensation Board for the benefit of the Vocational Rehabilitation Fund, under subdivision 9 of section 15 of the statute; and $1,500 to the Special Fund under subdivision 3 of section 25-a of the statute. Decedent died as the result of an industrial accident. He was survived by a widow who received an award for funeral expenses and $21 a week for death benefits. She instituted a third-party action, and pending the outcome of that action she received advance payments of compensation in the sum of $3,109, which included $400 for funeral expenses. The third-party action was settled before trial for $17,000 without the consent of the carrier, although the carrier was consulted prior to the actual settlement and consented to waive payment of $2,000 of its lien against the widow's recovery, and later accepted the sum of $1,109 in settlement of its lien for advances of compensation. Since the carrier did not consent to the settlement there is no doubt that it could have enforced its lien for the full amount of $3,109 against the recovery (Workmen's Compensation Law, § 29) but it chose to waive $2,000 thereof. While it did not consent to the settlement it was evidently willing to reduce its lien because its representatives thought the widow's case was doubtful and a part of a loaf was better than the prospect of nothing. By failing to obtain the consent of the carrier the widow lost her right to any possible deficiency compensation or death benefits. The somewhat equivocal procedure of the carrier left it in no position to avoid payments into the special funds as aforesaid since there were no persons left who were entitled to benefits (*Matter of Department of Taxation & Finance v. Thompson-Starrett Co.*, 271 App. Div. 906). Award and decision affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.